1  DAVID CHIU, State Bar #189542
   City Attorney
2  JENNIFER E. CHOI, State Bar #184058
   Chief Trial Deputy
3  ZUZANA S IKELS, State Bar #208671
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 355-3307
6  Facsimile:    (415) 554-3837
   E-Mail:    zuzana.ikels@sfcityatty.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   SAN FRANCISCO HUMAN SERVICES AGENCY and
9  MELANIE PALARCA

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  KARENA APPLE FENG, an individual;          Case No. 25-07034-KAW
    MARTIN SHIANG, an individual; and
13  LILIAN FENG, an individual,               **DEFENDANTS' NOTICE OF MOTION AND**
                                              **MOTION TO DISMISS AND STRIKE;**
14         Plaintiffs,                        **MEMORANDUM OF POINTS AND**
                                              **AUTHORITIES**
15         vs.
                                              Hearing Date:    November 20, 2025
16  MELANIE PALARCA, individually, and in     Time:            1:30 p.m.
    her official capacity; SAN FRANCISCO      Place:           1301 Clay Street,
17  HUMAN SERVICES AGENCY; CITY AND                            Oakland, CA 94612
    COUNTY OF SAN FRANCISCO; and
18  DOES 1-10,

19         Defendants.

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. iv

NOTICE OF MOTION AND MOTION ................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................2

I.      INTRODUCTION .............................................................................................2

II.     FACTUAL BACKGROUND .............................................................................3

III.    LEGAL STANDARD .........................................................................................4

IV.     ARGUMENT ......................................................................................................5

        A.      Plaintiff Karena Cannot Bring Litigation on Behalf of Plaintiffs Lillian and Shiang as "Attorney-In-Fact" ..................................................................5

        B.      The San Francisco School District is Constitutionally Separate and Distinct from the City ........................................................................................6

        C.      San Francisco Human Services Agency Is Not A Properly Joined Defendant ...........................................................................................................7

        D.      Defendants Cannot Be Sued for SNAP and the CalFresh Program .............7

        E.      Plaintiffs Fail to State a Cause of Action Under Federal Law (Claims 2, 5) .......................................................................................................................8

                1.      Plaintiffs Fail to State A Claim Under Section 1983 (Claim 2) ......8

                        a.      Plaintiffs Fail to State Facts that Support a *Monell* Claim...9

                        b.      Plaintiffs Fail to Allege an Underlying Constitutional Violation Based on the First Amendment ..........................10

                        c.      Plaintiffs Fail to Allege an Underlying Constitutional Violation Based on the Fourth Amendment ....................11

                        d.      Plaintiffs Fail to Allege an Underlying Constitutional Violation Based on the Fourteenth Amendment ...............11

                2.      Plaintiffs Fail to State A Claim Under the Americans with Disabilities Act (Claim 5) ...............................................................12

        F.      Plaintiffs Fail to State a Cause of Action Under State Law (Claims 1, 3, 4) .....................................................................................................................12

                1.      Plaintiffs Fail to State a Bane Act Claim (Claim 1).......................12

                2.      The City Is Not Directly Liable for Common Law Torts (Claims 3, 4) and ........................................................................................13

                3.      Defendants Are Immune from Liability for Plaintiffs State Law Tort Claims (Claims 3, 4) ............................................................13

V.      THE PUNITIVE DAMAGES CLAIM AGAINST THE CITY (AND ITS DEPARTMENT) SHOULD BE STRUCK ........................................................15

VI.     REQUEST FOR STAY OF DISCOVERY .......................................................16

VII.    CONCLUSION .......................................................................................................16

## TABLE OF AUTHORITIES

**State Cases**

*Amylou R. v. County of Riverside*
   28 Cal.App.4th 1205 (1994) .......................................................................................14

*Bauer v. County of Ventura*
   45 Cal.2d 276 (1955) ................................................................................................7

*Berry v. Frazier*
   90 Cal.App.5th 1258 (2023) .....................................................................................15

*Brown v. Poway Unified School Dist.*
   4 Cal.4th 820 (1993) ...............................................................................................13

*City of Downey v. Johnson*
   263 Cal. App. 2d 775 (1968) .....................................................................................5

*Davis Test Only Smog Testing v. Dep't of Consumer Affairs*
   15 Cal. App. 5th 1009 (2017) ....................................................................................5

*Gates v. Superior Court*
   32 Cal.App.4th 481 (1995) ..................................................................................13, 14

*Kelley v. Conco Cos.*
   196 Cal. App. 4th 191 (2011) ...................................................................................15

*Lopez v. Southern Cal. Rapid Transit Dist.*
   40 Cal.3d 780 (1985) ..............................................................................................13

*Los Angeles Unified Sch. Dist. v. Superior Ct.*
   14 Cal.5th 758 (2023) .............................................................................................16

*Ortega v. Johnson*
   57 Cal. App. 5th 552 (2020) ......................................................................................8

*Potter v. Firestone Tire & Rubber Co.*
   6 Cal.4th 965 (1993) ...............................................................................................15

*Russell v. Dopp*
   36 Cal. App. 4th 765 (1995) ......................................................................................5

*San Francisco Unified Sch. Dist. v. City & Cnty. of San Francisco*
   205 Cal. App. 4th 1070 (2012) ..................................................................................6

*Stone v. Alameda Health System*
   16 Cal.5th 1040 (2024) ...........................................................................................16

*Vann v. City and County of San Francisco*
   97 Cal.App.5th 1013 (2023) ......................................................................................7

*Williams v. Horvath*
   16 Cal.3d 834 (1976) .................................................................................................13

*Zelig v. Cnty. of Los Angeles*
   27 Cal.4th 1112 (2002) .............................................................................................13

**State Statutes & Codes**
California Civil Code
   section 1714 ...............................................................................................................13

California Civil Code
   section 3294 ...............................................................................................................15

California Civil Code
   section 51.7 ...................................................................................................................1

California Civil Code
   section 52 .....................................................................................................................1

California Civil Code
   section 52.1 ........................................................................................................1, 4, 13

California Government Code
   section 23000 ...............................................................................................................7

California Government Code
   section 23004(a) ...........................................................................................................7

California Government Code
   section 810 .................................................................................................................13

California Government Code
   section 815 .................................................................................................................13

California Government Code
   section 815(a) .............................................................................................................14

California Government Code
   section 815.2 ...............................................................................................................14

California Government Code
   section 818 .................................................................................................................15

California Government Code
   section 820.2 ...............................................................................................................14

California Government Code
   section 820.4 ...............................................................................................................14

California Government Code
   section 821.6 ...............................................................................................................14

California Welfare & Institutions Code
    section 10065 ............................................................................................................8

California Welfare & Institutions Code
    section 18900 ............................................................................................................7

California Welfare & Institutions Code
    section 18900.2 .........................................................................................................7

California Welfare & Institutions Code
    section 18904 ............................................................................................................8

**Federal Cases**

*Andrews v. City of Philadelphia*
    895 F.2d 1469 (3d Cir. 1990) ..................................................................................9

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................................4, 7, 12

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ..................................................................................................4

*Bell v. Wolfish*
    441 U.S. 520 (1979) ................................................................................................11

*City of Canton, Ohio v. Harris*
    489 U.S. 378 (1989) ..................................................................................................9

*City of L.A. v. David*
    538 U.S. 715 (2003) ................................................................................................11

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011) ..................................................................................4

*Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*
    533 F.3d 780 (9th Cir. 2008) ....................................................................................9

*Ellins v. City of Sierra Madre*
    710 F.3d 1049 (9th Cir. 2013) ..................................................................................9

*Epstein v. Wash. Energy Co.*
    83 F.3d 1136 (9th Cir. 1996) ....................................................................................4

*Gillette v. Delmore*
    979 F.2d 1342 (9th Cir. 1992) ..................................................................................9

*Hammett v. Sherman*
    2022 WL 4793488 (S.D. Cal. Sept. 30, 2022) ........................................................5

*Hughes v. Rodriguez*
    31 F.4th 1211 (9th Cir. 2022) ................................................................................12

*In re Google Digital Adver. Antitrust Litig.*
  2020 WL 7227159 (N.D. Cal. Dec. 8, 2020)...........................................................16

*Levy v. First Grp./Greyhound*
  2017 WL 2793810 (N.D. Cal. June 28, 2017) .........................................................5

*Mathews v. Eldridge*
  424 U.S. 319 (1976)...............................................................................................11

*Mendocino Environmental Center v. Mendocino County*
  14 F.3d 457 (9th Cir.1994) ....................................................................................10

*Monell v. Dep't of Soc. Servs. of City of N.Y.*
  436 U.S. 658 (1978)............................................................................................8, 9

*Nunez v. City of Los Angeles*
  147 F.3d 867 (9th Cir. 1998) .................................................................................10

*Ortega v. Santomassimo*
  2023 WL 320952 (S.D. Cal. Jan. 19, 2023).............................................................5

*Pena v. Gardner*
  976 F.2d 469 (9th Cir. 1992) ..................................................................................5

*Pryor v. City and Cnty. of San Francisco*
  672 F. App'x 751 (9th Cir. 2017) ..........................................................................12

*Reese v. Cnty of Sacramento*
  888 F.3d 1030 (9th Cir. 2018) ...............................................................................12

*Singleton v. County of Riverside*
  2022 WL 1266656 (C.D. Cal. April 28, 2022) .........................................................7

*Solis v. City of Sunnyvale*
  2020 WL 6161504 (N.D. Cal. Oct. 21, 2020) ........................................................12

*State of Cal. ex rel. Mueller v. Walgreen Corp.*
  175 F.R.D. 638 (N.D. Cal. 1997)...........................................................................16

*Thompson v. City of L.A.*
  885 F.2d 1439 (9th Cir. 1989) .................................................................................9

*Thompson v. Davis*
  295 F.3d 890 (9th Cir. 2002) .................................................................................12

*Trevino v. Gates*
  99 F.3d 911 (9th Cir. 1996) ....................................................................................9

*United States v. Matlock*
  415 U.S. 164 (1974)...............................................................................................11

*United States v. Safran Group*, S.A.
    2017 WL 1862508 (N.D. Cal. May 9, 2017) .........................................................16

*Wagda v. Town of Danville*
    2016 WL 6160160 (N.D. Cal. Oct. 24, 2016) ......................................................10

**Federal Statutes**
42 U.S.C
    section 12132 ...................................................................................................4, 12

42 U.S.C.
    section 1983 .................................................................................................1, 4, 8

7 U.S.C.
    section 2011 ...........................................................................................................7

**Rules**
Federal Rules of Civil Procedure
    rule 12(b)(6) ......................................................................................................1, 4

Federal Rules of Civil Procedure
    rule 12(f) ...............................................................................................................1

Federal Rules of Civil Procedure
    rule 26 ..................................................................................................................16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS IN PRO PER:**

**PLEASE TAKE NOTICE THAT** on 1:30 p.m. on Thursday, November 20, 2025, at the United States District Court for the Northern District of California, 1301 Clay Street,, Oakland, CA, before the Hon. Kandis A. Westmore, Defendants CITY AND COUNTY OF SAN FRANCISCO ("City"), SAN FRANCISCO HUMAN SERVICES AGENCY, and MELANIE PALARCA (collectively, the "City Defendants") will and hereby does move for an order dismissing all causes of action in the Complaint, ECF No. 1, brought against Defendant under 42 U.S.C. § 1983; the Fourteenth Amendment of the United States Constitution; the California Constitution; California Civil Code §§ 51.7, 52, and 52.1, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant further moves for an order dismissing Plaintiffs Martin Shiang and Lilian Feng, and striking all references to them from the Complaint, as well as striking Plaintiff's request for punitive damages against the City set forth in paragraph 82 of her Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Finally, to the extent the Court grants Plaintiff leave to amend the Complaint, Defendants move for a stay of all discovery unless and until either the City answers an amended complaint or the Court finds that an amended complaint states a claim against the City.  This Motion is based on the Memorandum of Points and Authorities below, the docket and files of this Court, and such other arguments and authorities as the parties may bring to the Court's attention.

Dated:  September 25, 2025

> DAVID CHIU
> City Attorney
> JENNIFER E. CHOI
> Chief Trial Deputy
> ZUZANA S. IKELS
> Deputy City Attorney
>
> By:  */s/ Zuzana S. Ikels*
> ZUZANA S. IKELS
>
> Attorneys for Defendants
> MELANIE PALARCA, SAN FRANCISCO HUMAN
> SERVICES AGENCY, CITY AND COUNTY OF SAN
> FRANCISCO AND COUNTY OF SAN FRANCISCO

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Karena Apple Feng ("Plaintiff Karena") is a *pro se* litigant, who attempts to bring a lawsuit on behalf of herself, and as "attorney-in-fact" of two separate, adult individuals, Martin Shiang ("Plaintiff Shiang") and Lilian Feng ("Plaintiff Lilian") (collectively, "Plaintiffs"). Plaintiff Karena is not licensed to practice law in California and, therefore, cannot bring a lawsuit on behalf of Plaintiffs Shiang and Lilian. They should be dismissed and all allegations as to them struck.

Plaintiffs assert claims against defendants City and County of San Francisco, San Francisco Human Services Agency, and individual defendant, Melanie Palarca, for violating the First, Fourth and Fourteenth Amendments of the U.S. Constitution and the California Bane Act, as well as negligence and intentional infliction of emotional distress. Other than legal conclusions and implausible conjecture, there are no facts that give rise to federal civil rights violations or the state claims. In fact, the gravamen of this lawsuit has nothing to do with defendants. Plaintiff Lilian reported a "chemical safety" issue, in January 2025, at Abraham Lincoln High School in San Francisco, California. In "retaliation," she suffered "grade manipulation" in her senior year report card, which evidently then resulted in "mass resignation" by school officials. None of those individuals or the school have been sued in this lawsuit and Plaintiff Lilian has since graduated. As a matter of law, defendants have no operational or financial connection, control or oversight of San Francisco schools. Plaintiffs, nevertheless, hypothesize that in "retaliation" for the school activity, Ms. Palarca, a Program Specialist Fraud Early Detection and Prevention investigator, arrived for a one hour appointment to verify Plaintiffs' entitlement to "CalFresh" benefits on July 11, 2025. They characterize the appointment as an "interrogation" and using "psychological manipulation tactics."  The conspiratorial theory is implausible, under Rule 8 of the Federal Rules of Civil Procedure, and there are no facts asserted that connect these separate entities. Plaintiffs, moreover, do not have standing to sue as they do not contend a loss of access to the CalFresh benefits and, regardless, the City is not responsible for regulating or implementing CalFresh or SNAP (formerly known as food stamps) benefits. The Complaint should be dismissed.

## II.    FACTUAL BACKGROUND

Plaintiff Karena Apple Feng ("Plaintiff Karena") purports to bring this action as "attorney-in-fact" on behalf of herself and Plaintiffs, Martin Shiang ("Plaintiff Shiang") and Lilian Feng ("Plaintiff Lilian") (collectively, "Plaintiffs").  (ECF No. 1-1 ("Compl.") at p. 1-2.) She does not claim to be an attorney, does not provide a California Bar license on the first page of the pleadings, and she is not licensed to practice in California according to the California State Bar. [1]

Plaintiffs allege they have "been subjected to a coordinated campaign of harassment and retaliation across multiple government agencies after exercising their legal rights to report violations and file complaints." Plaintiff Lilian, who is now 19 years old, "reported chemical safety violations" in at Abraham Lincoln High School when she was a senior. (Compl., p. 3.) Apparently, the school or teacher reduced, "falsified" and then remedied one of her grades before graduation. (*Id.*)  Plaintiffs allege that on June 2, 2025, "Plaintiffs" filed a lawsuit against Abraham Lincoln High School in San Francisco Superior Court.  (Compl. p. 4.)  Plaintiff Karena also filed an "emergency complaint with the California Department of Education" regarding the same issue, on May 31, 2025.  (Compl. p. 4.) She believes that in "direct retaliation, on July 11, 2025" Defendant, Melanie Palarca ("Defendant Palarca"), who is an employee for the County of San Francisco, but who carries out verifications of CalFresh recipients on behalf of the State of California, came to Plaintiffs' residence at noon "without advance written notice." She was evidently carrying "pre-typed forms already containing Lilian Feng's name" and "interrogated" Plaintiffs, "threatened" to "cancel [Plaintiffs'] CalFresh benefits," "criticized Plaintiff Feng's medically necessary sofa accommodation," "refused Plaintiff Feng's offer of 24/7 surveillance," "forced Plaintiff Shiang to show private bedrooms," "attempted to force entry into other private bedrooms," and "conducted surveillance of the residence for hours in an unmarked white vehicle after leaving."  (Compl. p. 4-6.)

The Complaint attaches Exhibits A through G. Exhibits C and D are sworn declarations, which contradict the conclusions in the pleadings. For example, while the complaint states there was a "two

---

[1] Ms. Feng is not licensed to practice law in the State of California, according to the State Bar of California.
https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch?FreeText=karena+feng&SoundsLike=false

hour" interrogation, Plaintiffs Shiang and Lilian attest the conversation with a CalFresh Fraud Investigator, Melanie Palarca, happened for an hour. There is no discussion of anyone forcing themselves into any private bedroom.  Exhibits E and F, which are entitled "Power of Attorney for Litigation," suggest Plaintiffs Shiang and Lilian authorize Plaintiff Karena as their "attorney-in-fact."

Plaintiffs assert five causes of action in the following order: (1) violation of the Bane Act, California Civil Code Section 52.1; (2) Federal Civil Rights violations, under 42 U.S.C. § 1983, for the First, Fourth, and Fourteenth Amendment; (3) intentional infliction of emotional distress; (4) negligence; and (5) "ADA Violations" under 42 U.S.C. § 12132.

## III.    LEGAL STANDARD

Dismissal under Rule 12(b)(6) is required when a complaint fails to "state a claim upon which relief may be granted."  A complaint should be dismissed where "there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  It also requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted).

In evaluating the sufficiency of allegations, the Court must also identify and disregard allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  Thus, a complaint that offers mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks omitted).  Likewise, a complaint cannot survive a motion to dismiss if it relies on "naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Id*. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.")  Vague and

conclusory allegations of official participation in civil rights violations are also not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

## IV.    ARGUMENT

### A.    Plaintiff Karena Cannot Bring Litigation on Behalf of Plaintiffs Lillian and Shiang as "Attorney-In-Fact"

"The general American rule is that an unlicensed person cannot appear in court for another person, and that the resulting judgment is a nullity." *Russell v. Dopp*, 36 Cal. App. 4th 765, 775 (1995), *relied upon by Hammett v. Sherman*, No. 19CV605-LL-AHG, 2022 WL 4793488, at *3 (S.D. Cal. Sept. 30, 2022). The *Russell* court explained that representation of a client by a person unlicensed to practice law is a fraud "on the unknowing client" and the court. In explaining that the policy is to protect the "integrity of the judicial process," the *Russell* court evaluated a series of cases addressing different factual patterns by pro se litigants attempting to represent others through a power of attorney, executor of a will, or as an "attorney-in-fact," which were dismissed. *See Russell*, 36 Cal. App. 4th, 775-76; *Levy v. First Grp./Greyhound*, No. 17-CV-00412-KAW, 2017 WL 2793810, at *3, fn. 3 (N.D. Cal. June 28, 2017) ("Plaintiff's attempts to practice law without a license further highlight the frivolous nature of his multiple filings.") Indeed, "a power of attorney does not grant a non-attorney the right to bring a lawsuit on behalf of the principal." *Ortega v. Santomassimo*, No. 22CV1795GPC(DDL), 2023 WL 320952, at *1 (S.D. Cal. Jan. 19, 2023) (citing cases).

The Complaint should be dismissed as to Plaintiffs Lillian and Shiang because Plaintiff Karena is a pro se litigant and cannot represent them. An action or judgment brought by "an unlicensed person representing another cannot be sustained." *Hammett v. Sherman*, No. 19CV605-LL-AHG, 2022 WL 4793488, at *3 (S.D. Cal. Sept. 30, 2022); *citing City of Downey v. Johnson*, 263 Cal. App. 2d 775 (1968) ("[W]e have a lay person not a member in good standing of any bar practicing law illegally, although perhaps unwittingly. We therefore feel constrained to hold the judgment invalid[.]"); *Russell*, 36 Cal. App. 4th at 775 ("an unlicensed person cannot appear ... for another person, and ... the resulting judgment is a nullity"); *Davis Test Only Smog Testing v. Dep't of Consumer Affairs*, 15 Cal. App. 5th 1009, 1016 (2017)(quoting *Russell)*.

Plaintiff Karena is not a licensed attorney, does not provide a California bar number on the filings, and is not identified as a person licensed to practice law in California by the California State Bar. *See* Civil L.R. 3-4(a)(1); https://apps.calbar.ca.gov/attorney/LicenseeSearch. Plaintiff Karena, therefore, cannot bring this action as "Attorney-in-Fact" for Plaintiffs Lillian and Shiang, as she is not licensed to practice law. Accordingly, Plaintiffs Lillian and Shiang should be dismissed from the action, and all references to them should be struck from the Complaint, as Plaintiff Karena cannot bring or maintain litigation as an unlicensed "attorney."

### B.    The San Francisco School District is Constitutionally Separate and Distinct from the City

California has a statewide public education system managed locally by school districts that are distinct from municipalities, such as the City. (Cal. Const., art. IX, §§ 5, 14.) "The School District and City share coterminous geographic boundaries but are separate and <u>autonomous</u> government entities. The School District and City are each governed by a separate elected body, managed by a separate chief executive, funded by different sources of revenue, subject to different budgets, and established for different missions." *San Francisco Unified Sch. Dist. v. City & Cnty. of San Francisco*, 205 Cal. App. 4th 1070, 1073 (2012) (emphasis added) (explaining they have different officers, different boards and oversight).[2] Plaintiffs believe Lincoln High and unknown administrators retaliated against Plaintiff Lilian by lowering her grade, because she complained about chemical safety in January 2025. (Compl., p. 3-4.)

There is no factual or legal support that the school has control, communications with, power over, or any working relationship with CalFresh or its investigators.  By law, CalFresh benefits must be verified for each individual. It is also proximately disconnected, occurring six months later (July 2025), and after graduation by Plaintiff Lilian and with no alleged connection as to the other two plaintiffs. Legally, the City and San Francisco schools are distinct and disconnected operationally, financially, management and employees. Regardless, no explanation or facts are provided as to how or why CalFresh would carry out an act of revenge on Plaintiffs Karena or Shiang on behalf of a high

---

[2] The *San Francisco Unified Sch. Dist.* case demonstrates the legal and factual distinction, as the school district sued the City.

school they do not attend, and where Plaintiff Lillian no longer attends. (Compl., Exh. D (now over 18 years and does not attest she is a student at Lincoln High).) In sum, the claims fail Rule 8 as they are facially implausible because there is no "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### C.    San Francisco Human Services Agency Is Not A Properly Joined Defendant

Plaintiffs purport to name the San Francisco Human Services Agency as a defendant.  San Francisco Human Services Agency, however, is not a properly joined defendant, because as a City department it does not have the power to sue or be sued, and is not an independent public corporation. *See Bauer v. County of Ventura*, 45 Cal.2d 276, 288-289 (1955); *see also* San Francisco Charter, Art. I, §§ 1.101 (confers right of City to sue and be sued), 4.101 (stating the executive branch is composed of departments), 4.102 (setting forth powers of executive departments and not conferring the right to sue or be sued).  Recently, the California Court of Appeal affirmed dismissal of a San Francisco department sued in litigation because it was improper. "Our review of the City Charter, City municipal codes, and other legislative materials leads us to conclude, as a matter of law, that [a San Francisco department] does not have a legal existence separate and apart from the City." *Vann v. City and County of San Francisco* 97 Cal.App.5th 1013, 1025 (2023) (emphasis original); *see also Singleton v. County of Riverside*, Case No. EDCV 21-2164 AB (PVC), 2022 WL 1266656 (C.D. Cal. April 28, 2022) (department of public social service is not a proper defendant and dismissed); Gov. Code, §§ 23000, 23004(a).

### D.    Defendants Cannot Be Sued for SNAP and the CalFresh Program

The CalFresh program was established by the California Legislature to enable low-income California households to receive benefits under the federal Supplemental Nutrition Assistance Program (7 U.S.C. § 2011 et seq.) (SNAP), formerly known as the food stamp program. (Welf. & Inst. Code, §§ 18900, 18900.2.) Although the federal government provides the benefits under SNAP, each state electing to participate in the program administers the program in that state. In California, CalFresh is administered by county welfare departments (CWDs) with direct oversight by the State through California Department of Social Services (DSS), not the City.

Under SNAP (and CalFresh), eligible households receive monthly benefits to be used for the purchase of food. Cal. Welf. & Inst. Code, § 10065 et seq. In administering SNAP, participating states must comply with the federal SNAP statutes and regulations, as well as implement policies consistent with the federal statutes and regulations. *Id.* § 18904. In accordance with those provisions, California issued a set of regulations referred to as the "MPP".[3]  Under the MPP regulations, "the state imposes additional requirements as conditions for receiving SNAP benefits, such as requiring applicants to be fingerprinted or to be subject to pre-certification fraud investigations." *Ortega v. Johnson*, 57 Cal. App. 5th 552, 558 (2020); *see also* MPP 63-601.

Putting aside the far-fetched suggestion that CalFresh has any interaction with a local San Francisco high school, a cause of action against a county employee verifying CalFresh eligibility for the federal and state, is not cognizable against the City, the departments or an employee. Based on law cited in Plaintiffs' own complaint, Defendant Palarca was authorized to visit Plaintiffs' home to investigate their entitlement to CalFresh benefits.  *See* Compl. at p. 4 (citing MPP § 63-300.5(h)(3)); MPP § 63-300.5(h)(3) ("Home visits may be used as verification when documentary evidence is insufficient to make a determination of eligibility or benefit level or cannot be obtained and the visit is scheduled in advance with the household.").  Plaintiff evidently did not open her mail (Compl. (Dkt. 1-1), p. 22, notifying her of the visit, but this is not a basis for bringing a lawsuit or a civil rights violations.

**E.    Plaintiffs Fail to State a Cause of Action Under Federal Law (Claims 2, 5)**

Plaintiffs purport to bring federal claims for violation of constitutional law under Section 1983 (Claim 2), and for violations of the Americans with Disabilities Act (Claim 5). Neither is viable.

**1.    Plaintiffs Fail to State A Claim Under Section 1983 (Claim 2)**

Plaintiffs cannot state a claim against the City (or its Departments), or Defendant Palarca in her official capacity, because they fail to allege a *Monell* Claim. Likewise, Plaintiffs cannot state a claim

---

[3] California Department of Social Services' Online Manual of Policies and Procedures for CalFresh ("MPP") is publicly available at https://www.cdss.ca.gov/inforesources/letters-regulations/legislation-and-regulations/calworks-calfresh-regulations/calfresh-regulations.

against Defendant Palarca in her individual capacity because they fail to state any underlying constitutional violation (which would also separately preclude liability for all defendants).

### a. Plaintiffs Fail to State Facts that Support a *Monell* Claim

Under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 694 (1978), a Plaintiff may only sue a local government or an employee in their "official capacity" directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, practice or custom, and not for "an injury inflicted solely by its employees or agents." *See also Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("[A]n official capacity suit against a municipal officer is equivalent to a suit against the entity").  And, a showing must be made that an official policy, custom, or practice caused the constitutional tort.  *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) ("a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation").

"Absent a formal governmental policy, [a plaintiff] must show a longstanding practice or custom which constitutes the operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Such practice or custom must be so "persistent and widespread" that it constitutes a "permeant and well settled" government policy.  *Id*.  "[P]roof of random acts or isolated events are insufficient to establish custom.  Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from custom." *Thompson v. City of L.A.*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) (internal citations omitted); *accord Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) ("A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well-settled' as to virtually constitute law.").  It is also well settled that "a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

The Complaint here contains no allegations of conduct committed directly by the City, and only describes the individual conduct of Ms. Palarca, carrying out her duties overseen by the state and federal government, related to verifying entitlement to food stamp welfare benefits under the SNAP

program for low income individuals.  Plaintiff does not allege facts that support the moving force

behind such alleged conduct was a policy or custom of the City to violate a constitutional right.

Moreover, Plaintiff does not even make a formulaic recitation that a City policy or custom motivated

conduct.  Accordingly, Plaintiff does not sufficiently allege an official policy, practice or custom on

the part of the City that can plausibly be viewed as the moving force behind the conduct plaintiff

complains of.

>                **b.**    **Plaintiffs Fail to Allege an Underlying Constitutional Violation Based on the First Amendment**

Plaintiffs claim that the home visit by Defendant Palarca to investigate their entitlement to

CalFresh benefits was in retaliation for filing complaints against Abraham Lincoln High School.

However, Plaintiff fails to provide any facts whatsoever that would demonstrate any causal relation or

connection between these two events. They do not deny they receive CalFresh, and they do not

suggest CalFresh has any connection to the non-party, Lincoln High, or the City.  Moreover, the

Complaint does not allege Plaintiffs lost access to CalFresh benefits or that they were required to

comply with providing proof of eligibility, only that they were "interrogated" about their entitlement

to benefits for an hour.

For avoidance of doubt, "[m]ere threats and harsh words" are insufficient to support a First

Amendment claim.  *See, e.g., Nunez v. City of Los Angeles* 147 F.3d 867, 875 (9th Cir. 1998) ("It

would be the height of irony...if mere speech, in response to speech, could constitute a First

Amendment violation"); *Wagda v. Town of Danville*, 2016 WL 6160160, at *5 (N.D. Cal. Oct. 24,

2016) (holding that "berating" and "shaming" are not "cognizable as a First Amendment violation").

In addition, Plaintiffs also "may not recover merely on the basis of a speculative 'chill' due to

generalized and legitimate law enforcement initiatives." *Mendocino Environmental Center v.

Mendocino County*, 14 F.3d 457, 464 (9th Cir.1994)  The complaint simply describes a visit by an

investigator verifying benefits, a lawful and pre-certified encounter and one that in no way invades the constitution. *See* Compl. at p. 4 (citing MPP § 63-300.5(h)(3)); MPP § 63-300.5(h)(3)[4]

### c.    Plaintiffs Fail to Allege an Underlying Constitutional Violation Based on the Fourth Amendment

"The Fourth Amendment prohibits only unreasonable searches[.]" *Bell v. Wolfish*, 441 U.S. 520, 558 (1979).  It is also well settled that "the search of property, without warrant and without probable cause, but with proper consent voluntarily given, is valid under the Fourth Amendment." *United States v. Matlock*, 415 U.S. 164, 165–66 (1974).  Here, it is unclear from the Complaint what "search" was even performed, and there are no factual allegations (other than vague, conclusory assertions) that would support the claim that any search was performed without consent.  Moreover, home visits are expressly permitted as part of the CalFresh verification process, as noted above, and neither 7 C.F.R. § 273.2(f)(4)(iii), nor MPP § 63-300.5(h)(3) mandate advanced written notice for a home visit for CalFresh verification purposes.

### d.    Plaintiffs Fail to Allege an Underlying Constitutional Violation Based on the Fourteenth Amendment

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  Here, Plaintiffs do not explain what liberty or property interests they were deprived of, particularly given that they do not actually allege that their CalFresh benefits were taken away, nor how such deprivation violated their right to due process. *City of L.A. v. David*, 538 U.S. 715, 717 (2003) (Due process only requires that individuals have an opportunity to be heard at a meaningful time and in a meaningful manner).

---

[4] California Department of Social Services' Online Manual of Policies and Procedures for CalFresh ("MPP") is publicly available at https://www.cdss.ca.gov/inforesources/letters-regulations/legislation-and-regulations/calworks-calfresh-regulations/calfresh-regulations.

2.      **Plaintiffs Fail to State A Claim Under the Americans with Disabilities Act (Claim 5)**

Plaintiffs purport to allege a claim under Section 12132 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.  Title II of the ADA proscribes that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  "To state a claim of disability discrimination under Title II, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam).

Here, Plaintiffs fail to allege that Plaintiffs Lillian or Shiang are disabled, and Plaintiff Karena fails to state what disability she has that causes her to allege she is "disabled" or how the City did anything in relationship to it.  The Complaint fails to allege anything other than conclusory allegations that the ADA was violated, and critically, what access to services Plaintiffs were even denied. Conclusory allegations without factual support are insufficient to survive dismissal.  *Iqbal*, 556 U.S. at 678.

F.      **Plaintiffs Fail to State a Cause of Action Under State Law (Claims 1, 3, 4)**

1.      **Plaintiffs Fail to State a Bane Act Claim (Claim 1)**

"The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) (citing *Reese v. Cnty of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018)).  "Thus, if a plaintiff cannot prove a constitutional violation under § 1983, he cannot bring a cause of action under a Bane Act violation either." *Solis v. City of Sunnyvale*, No. 20-cv-03912-NC, 2020 WL 6161504, at *8 (N.D. Cal. Oct. 21, 2020) (citing *Pryor v. City and Cnty. of San Francisco*, 672 F. App'x 751, 752 (9th Cir. 2017)).

Accordingly, because Plaintiffs fail to allege any constitutional violation for the reasons noted above (*see* Section IV.C.1 *supra*), Plaintiffs likewise cannot state a Bane Act violation.

Moreover, to the extent that Plaintiffs base their Bane Act claim on speech alone, Plaintiffs must demonstrate that a fraud investigation into a government benefit is "speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." (Civ. Code, § 52.1(k).)  Plaintiffs do not do so here.

### 2.    The City Is Not Directly Liable for Common Law Torts (Claims 3, 4) and

The California Government Claims Act provides that a public entity is not liable under common law theories, such as negligence or intentional infliction of emotional distress.  Instead, a public entity is liable for an injury only where expressly provided by statute.  Cal. Gov. Code § 815(a); *Brown v. Poway Unified School Dist.*, 4 Cal.4th 820, 829 (1993).  "[T]he intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." *Brown v. Poway Unified School Dist.*, 4 Cal.4th at 829 (quoting *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976)); *see also Zelig v. Cnty. of Los Angeles*, 27 Cal.4th 1112, 1127-28 (2002).  Accordingly, the City cannot be directly liable for intentional infliction of emotional distress (Claim 3) or negligence (Claim 4).

### 3.    Defendants Are Immune from Liability for Plaintiffs State Law Tort Claims (Claims 3, 4)

Because the case involves state-based claims against a public employee and public entities, it is controlled by the California Tort Claims Act. (Cal. Gov.Code, § 810 *et seq*.) The following rules apply: "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded **with particularity**." *Lopez v. Southern Cal. Rapid Transit Dist*. 40 Cal.3d 780, 795 (1985)(emphasis added). It is a plaintiffs' responsibility to plead "facts sufficient to show [their] cause of action lies outside the breadth of any applicable statutory immunity." *Id*. at p. 796; *Gates v. Superior Court* 32 Cal.App.4th 481, 493-494 (1995) (*Gates* ).) The Constitution

"specifically permits legislative promulgation of immunities that apply to all suits brought against public employees, including those for tort damages brought under terms of the California Constitution." (*Gates, supra*, 32 Cal.App.4th at p. 516, fn. 9.) "[T]he rule in this state is that, unless otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. Accordingly, governmental immunity is the rule, and liability is the exception." *Amylou R. v. County of Riverside* 28 Cal.App.4th 1205, 1213 (1994) (citation to Gov. Code § 815(a)). California Government Code section 815.2 provides that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability or otherwise not liable. (Gov. Code, § 815.2.)  Because Defendant Palarca is not liable, the City (or its Departments) cannot be liable.

Defendant Palarca is immune from Plaintiffs' claims of intentional infliction of emotional distress (Claim 3) and negligence (Claim 4) pursuant to Gov Code Sections 820.2 and 820.4.  Namely, Section 820.2 immunizes public employees for any injury "resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Section 820.4 provides that "[a] public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law."  Finally, Section 821.6 states: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

Here, Plaintiffs admit in the Complaint that home visits are expressly authorized by California regulation for verifying eligibility for CalFresh benefits, pursuant to California Welfare and Institutions Code, and administrative proceedings under MPP § 63-300.5(h)(3).  Because Plaintiffs contend that Defendant Palarca was conducting a home visit for the purpose of investigating their eligibility for CalFresh benefits pursuant to MPP § 63-300.5(h)(3), she is therefore immune for her conduct in conducting such a visit because she had discretion to conduct the home visit to complete the verification process as she saw fit, and she was authorized by California law to conduct the home visit.

Plaintiffs also fail to allege elements of an intentional infliction of emotional distress claim or negligence claim.  Courts impose a high bar for emotional distress claims, requiring "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."  *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215–16 (2011).  The allegations here do not constitute "conduct so extreme as to exceed all bounds of decency in a civilized community" as would be needed for an intentional infliction of emotional distress claim.  *E.g., Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).  Plaintiffs also fail to allege any non-conclusory facts supporting that they "suffered extreme or severe emotional distress" as a result of the purported "interrogation," as would be needed to state an intentional infliction of emotional distress claim.  *See Berry v. Frazier*, 90 Cal. App. 5th 1258, 1273 (2023).

As to the negligence claim, Plaintiffs fail to allege the elements.  Namely, they fail to allege what duty Defendant Palarca violated by investigating Plaintiffs' entitlement to CalFresh benefits.  As explained above, they admit that California regulations expressly permit a home visit to verify information.  Although Plaintiffs may not have enjoyed being "interrogated," California law requires verification of information to establish entitlement to receive public benefits, such as CalFresh.  Plaintiffs have failed to allege anything more than vague, conclusory statements that anything more than a typical home visit occurred here.

## V.    THE PUNITIVE DAMAGES CLAIM AGAINST THE CITY (AND ITS DEPARTMENT) SHOULD BE STRUCK

Plaintiffs Complaint contains a demand for punitive damages against all Defendants.  However, the City (and its department) are not liable for exemplary punitive damages for state claims under California Civil Code section 3294 pursuant to section 818 of the California Government Code.  Section 818 states: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."  The California Supreme Court has ruled twice, in the last two years, that Section 818 "immunizes public entities from damages awarded under Civil Code section 3294 and from other damages that would function, in essence, as an award of punitive or exemplary damages." *Los Angeles Unified Sch. Dist. v. Superior Ct.* 14 Cal.5th 758 (2023)

, 767 (holding Section 818 immunizes school district from punitive damages for allegedly failing to prevent sexual abuse at school); *Stone v. Alameda Health System* 16 Cal.5th 1040(2024) , 1085.

Since the City is not liable for such damages, Plaintiff's prayer for punitive damages should be struck from the Complaint as it pertains to the state-based claims.

## VI.    REQUEST FOR STAY OF DISCOVERY

The Court's inherent powers include the power to control the parameters and timing of discovery. *In re Google Digital Adver. Antitrust Litig.*, No. 20-cv-03556-BLF, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (holding a district court has "wide discretion in controlling discovery"). In this case, a stay of discovery until either Defendants answer an amended complaint or the Court rules that some portion of an amended complaint survives a motion to dismiss is appropriate.  The Complaint falls short of the necessary pleading standard and Plaintiff should not be able to use a complaint as a pretext or a fishing expedition.  *See e.g. State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997) (holding that prior to filing a complaint the plaintiff must "possess a reasonable belief based on upon articulable facts that a wrong has occurred. The claim itself cannot be used as a means for discovering that wrong.").  Further, the parties need not engage in discovery for a complaint that may ultimately be dismissed at the pleading stage.  Therefore, Defendants request the Court stay discovery between the City and Plaintiff until either the City answers an amended complaint or the Court finds that an amended complaint states a claim against the City.  *See United States v. Safran Group*, S.A., No. 15-cv-00746-LHK, 2017 WL 1862508, at *3 (N.D. Cal. May 9, 2017) (recognizing order to stay discovery "until Relators could state a legally sufficient claim").

## VII.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to dismiss Plaintiffs' Complaint with prejudice. Defendants also respectfully requests a stay of all discovery, including initial disclosure obligations under Federal Rules of Civil Procedure 26(a)(1), unless and until the Court holds that a portion of a complaint or an amended complaint survives a motion to dismiss.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
ZUZANA S. IKELS
Deputy City Attorney

By: _/s/ Zuzana S. Ikels_____
ZUZANA S. IKELS

Attorneys for Defendants
MELANIE PALARCA, SAN FRANCISCO HUMAN
SERVICES AGENCY, CITY AND COUNTY OF SAN
FRANCISCO AND COUNTY OF SAN FRANCISCO

1

**PROOF OF SERVICE**

2

I, KASSY ADAMS, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

4

5

On September 25, 2025, I served the following document(s):

6

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**

7

8

on the following persons at the locations specified:

9

Karena Apple Feng
Martin Shiang
Lilian Feng
2086 18th Avenue, Unit C
San Francisco, CA 94116
Tel (650) 206-0670
Email  afengre@gmail.com

10

11

12

*Plaintiff in Pro Per (Karena Apple Feng appearing as Attorney-in-Fact for all Plaintiffs)*

13

14

15

in the manner indicated below:

16

☒     **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

17

18

19

☒     **BY ELECTRONIC MAIL:**  I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address:  kassy.adams@sfcityatty.org.

20

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

21

22

Executed September 25, 2025, at San Francisco, California.

23

_/s/ Kassy Adams_____
KASSY ADAMS

24

25

26

27

28