KARENA APPLE FENG
2086 18th Avenue, Unit C
San Francisco, CA 94116
Tel: (650) 206-0670
Email: afengre@gmail.com
In Pro Se

FILED
SEP 30 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KARENA APPLE FENG, an individual; MARTIN SHIANG, an individual; and LILIAN FENG, an individual,

Plaintiffs

vs.

MELANIE PALARCA, individually, and in her official capacity; SAN FRANCISCO HUMAN SERVICES AGENCY; CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-10,

Defendants

**Case No. 25-cv-7034-KAW**

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS

(Fed. R. Civ. P. 38; U.S. Const. Amend. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; Tennessee v. Lane, 541 U.S. 509 (2004))TO THE HONORABLE KANDIS A. WESTMORE, UNITED STATES MAGISTRATE JUDGE:

I. REQUEST FOR JURY TRIAL

Pursuant to Seventh Amendment to the U.S. Constitution and Federal Rule of Civil Procedure 38, Plaintiffs hereby REQUEST TRIAL BY JURY on all issues triable to a jury in this civil rights action.

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." - U.S. Constitution, Amendment VII

II. WHY JURY TRIAL IS ESSENTIAL FOR JUSTICE

A. Government Bias Against Judges

- Judges work within government system - potential unconscious bias
- Federal judges interact daily with government attorneys

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS(FED. R. CIV. P. 38; U.S. CONST. AMEND. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; TENNESSEE V. LANE, 541 U.S. 509 (2004)) - 1

• Bench trials favor institutional defendants statistically

• Jury of peers provides fairness against government overreach

B. Constitutional Violations Require Jury Assessment

• First Amendment retaliation - community standards of protected speech

• Due process violations - jury determines what is fundamentally fair

• Equal protection claims - peers assess discriminatory treatment

• Damages for civil rights violations - jury determines appropriate compensation

C. Your Case Presents Classic Jury Issues

• Mathematical fraud in benefit calculations - jury can understand numbers

• Government conspiracy - jury can assess timeline and coordination

• Disability discrimination - jury can evaluate accommodation failures

• Foster youth targeting - community can assess fairness of treatment

III. ADA REQUIRES ACCOMMODATION, NOT ELIMINATION OF RIGHTS

A. Dr. Jason Lin's Medical Documentation Supports Remote Participation

Medical Recommendations (September 22, 2025):

1. "Asynchronous court participation" as primary accommodation
2. "If real-time participation is absolutely required, remote video appearance only"

Key Point: Doctor specifically allows remote video for necessary proceedings!

B. Federal ADA Mandate

42 U.S.C. § 12132: Courts must provide "reasonable accommodations" without denying constitutional rights

Tennessee v. Lane (2004): ADA requires "meaningful access" to courts - not elimination of jury rights

IV. PROPOSED REMOTE JURY TRIAL ACCOMMODATION PLAN

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS(FED. R. CIV. P. 38; U.S. CONST. AMEND. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; TENNESSEE V. LANE, 541 U.S. 509 (2004)) - 2

A. Pre-Trial Phase: Asynchronous When Possible

- Motion practice: Written submissions with extended deadlines
- Discovery: Document production and written interrogatories
- Depositions: Video conference with medical breaks every 30 minutes
- Settlement conferences: Remote video participation

B. Jury Trial Phase: Remote Video Accommodation

PRIMARY ACCOMMODATION: Full remote video participation from home

1. Jury Selection (Voir Dire)
   - Remote video participation in jury questioning
   - Medical aide present at home for support
   - Frequent breaks every 30-45 minutes as medically needed
   - Asynchronous jury questionnaires when possible

2. Trial Proceedings
   - Remote video appearance for entire trial via secure court connection
   - Professional lighting/camera setup provided by court if needed
   - Medical monitoring by aide during proceedings
   - Flexible daily schedule - shorter court days if medically necessary

3. Witness Testimony
   - Remote examination of witnesses via video
   - Document presentation through electronic systems
   - Medical breaks during lengthy testimony
   - Technical support provided by court

4. Jury Instructions and Verdict
   - Remote participation in jury instruction conferences
   - Video presence during verdict reading
   - Emergency medical accommodation procedures in place

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS(FED. R. CIV. P. 38; U.S. CONST. AMEND. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; TENNESSEE V. LANE, 541 U.S. 509 (2004)) - 3

C. Safety and Medical Support Plan

- Dr. Jason Lin's medical team on standby during trial days
- Medical aide present throughout all video proceedings
- Emergency procedures established for narcolepsy episodes
- Backup technical systems in case of medical emergency
- Flexible rescheduling if medical condition worsens

V. FEDERAL COURTS SUCCESSFULLY ACCOMMODATE REMOTE JURY TRIALS

A. COVID-19 Precedent Established Remote Trial Capability

Federal courts nationwide conducted remote jury trials during pandemic

B. Technology Infrastructure Exists

- Secure video conferencing systems already in place
- Document sharing capabilities established
- Technical support available from court IT departments

C. ADA Compliance Requires Innovation

Courts must adapt technology to ensure disability access - not deny constitutional rights

VI. DAMAGES CLAIMS MANDATE JURY TRIAL AVAILABILITY

A. Substantial Monetary Claims

- $2,336 CalFresh benefits denied + ongoing monthly harm
- Constitutional damages under 42 U.S.C. § 1983 (substantial)
- Emotional distress from government harassment campaign
- Punitive damages for intentional civil rights violations
- Attorney fees under 42 U.S.C. § 1988

Total damages likely exceed $200,000

B. Seventh Amendment Mandate

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS(FED. R. CIV. P. 38; U.S. CONST. AMEND. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; TENNESSEE V. LANE, 541 U.S. 509 (2004)) - 4

VII. ALTERNATIVE ACCOMMODATIONS IF REMOTE JURY TRIAL IMPOSSIBLE

ONLY if the Court determines remote jury trial accommodation is impossible:

Option 1: Telephonic Jury Trial

- Full jury trial via court-provided secure phone line
- All documents mailed in advance
- No dangerous travel required

Option 3: Mail-Based Jury Participation

- Jury materials mailed for home review
- Written responses by deadline
- Phone participation only for verdict

Option 4: Hybrid Mail/Phone

- Documents mailed for review
- Phone participation for essential proceedings only

VIII. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request:

1. RECOGNITION of Plaintiffs' Seventh Amendment right to jury trial;
2. PRIMARY ACCOMMODATION: Remote video jury trial from home;
3. ADA COMPLIANCE PLAN ensuring full jury trial participation;
4. TECHNICAL SUPPORT for remote video trial infrastructure;
5. ALTERNATIVE ACCOMMODATIONS if remote trial impossible
6. COSTS AND FEES for defending constitutional rights; and
7. Such other relief as the Court deems just and proper.

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS(FED. R. CIV. P. 38; U.S. CONST. AMEND. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; TENNESSEE V. LANE, 541 U.S. 509 (2004)) - 5

IX. LEGAL AUTHORITY

- U.S. Constitution, Amendment VII (Right to Jury Trial)
- Federal Rule of Civil Procedure 38 (Right to Jury Trial)
- 42 U.S.C. § 12132 (ADA Title II - Public Services)
- 28 U.S.C. § 1915 (In Forma Pauperis and ADA Accommodations)
- Tennessee v. Lane (2004) 541 U.S. 509 (ADA court access)
- Lewis v. Casey (1996) 518 U.S. 343 (constitutional court access)
- Federal court COVID-19 remote trial precedents (2020-2021)

Respectfully submitted,

KARENA APPLE FENG
Pro Se Plaintiff and Representative
2086 18th Avenue, Unit C
San Francisco, CA 94116
(650) 206-0670
afengre@gmail.com

On behalf of all Plaintiffs

VERIFICATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States that I demand jury trial as the fairest forum for constitutional claims against government defendants, and that remote video accommodation is medically necessary and feasible based on Dr. Jason Lin's medical documentation.

Executed on Sept. 29, 2025, at San Francisco, California.

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS(FED. R. CIV. P. 38; U.S. CONST. AMEND. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; TENNESSEE V. LANE, 541 U.S. 509 (2004)) - 6

KARENA APPLE FENG

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Demand for Jury Trial with ADA Accommodations was served on all parties of record via the Court's ECF system on **September 29, 2025**.

KARENA APPLE FENG

ATTACHMENTS

1    Doctor's Note

REQUEST FOR JURY TRIAL WITH ADA ACCOMMODATIONS(FED. R. CIV. P. 38; U.S. CONST. AMEND. VII; 42 U.S.C. § 12132; 28 U.S.C. § 1915; TENNESSEE V. LANE, 541 U.S. 509 (2004)) - 7

SF STOCKTON ST 1520
STOCKTON NEUROLOGY 3RD FLOOR
1520 STOCKTON STREET
SAN FRANCISCO CA 94133-3354
Dept: 415-391-9686
Dept Fax: 415-398-1742

NEMS
NORTH
EAST
MEDICAL
SERVICES
NORTH EAST
MEDICAL SERVICES
東 北 醫 療 中 心

Karena A. Feng

Patient: Karena Apple Feng
Date: 09/22/25

**To Whom It May Concern:**

**RE: Medical Accommodation Request - Karena Apple Feng**

I am writing to provide medical documentation for my patient, Karena Apple Feng, who requires reasonable accommodations under the Americans with Disabilities Act (ADA) for court proceedings pursuant to **42 U.S.C. § 12101 et seq., California Rule of Court 1.100**, and **California Civil Code Section 51 et seq.**

**Medical Diagnosis:** Ms. Feng has been diagnosed with **severe hereditary narcolepsy**, a chronic medical condition that significantly impairs major life activities.

**Current Status:** The patient's medication has not been available for weeks, resulting in significantly worsened symptoms. However, **this condition is ongoing and permanent**. Even when medication is available, **only partial improvement is noted**, as no medication provides complete symptom control for this lifelong hereditary condition.

**Medical Accommodation Request:** Due to the chronic, hereditary nature of this medical condition and its **permanent impact.** Ms. Feng is **medically unable to participate in synchronous court proceedings** on an ongoing basis.

**Legal Basis for Accommodation:** Under **Title II of the ADA (42 U.S.C. § 12132), California Government Code Section 11135**, and **California Civil Code Sections 51-56**, the court must provide reasonable accommodations to ensure equal access to judicial proceedings for persons with disabilities.

**Recommended Accommodations:**

1. **Asynchronous court participation** through written submissions or depositions as the primary accommodation
2. If real-time participation is absolutely required, **remote video appearance only** to eliminate travel-related safety risks

**Duration:** These accommodations are requested for the **indefinite future** as this is a permanent, hereditary condition that will require ongoing accommodation regardless of medication availability or status.

**Supporting Legal Authority:**

- **42 U.S.C. § 12132** (ADA Title II - Public Services)
- **California Rule of Court 1.100** (Requests for accommodations by persons with disabilities)
- **California Civil Code § 51(f)** (Unruh Civil Rights Act)
- **California Government Code § 11135** (State disability nondiscrimination)

These accommodations are medically necessary and legally required to ensure Ms. Feng's equal access to judicial proceedings and meaningful participation in legal proceedings.

Thank you for your considerations. If you have any questions, feel free to reach out to our clinic.

Sincerely,

Jason Lin

Jason Lin, M.D.
Board Certified Neurologist
North East Medical Services

MyChart® licensed from Epic Systems Corporation© 1999 - 2025