DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
ZUZANA S IKELS, State Bar #208671
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 355-3307
Facsimile:     (415) 554-3837
E-Mail:        zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO HUMAN SERVICES AGENCY and
MELANIE PALARCA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENA APPLE FENG, an individual; MARTIN SHIANG, an individual; and LILIAN FENG, an individual,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>MELANIE PALARCA, individually, and in her official capacity; SAN FRANCISCO HUMAN SERVICES AGENCY; CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-10,<br><br>　　　　Defendants. | Case No. 25-07034-VC<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Date:　November 20, 2025<br>Time:　　　　　10:00 a.m.<br>Place:　　　　　450 Golden Gate Avenue<br>　　　　　　　　Courtroom 4 – 17th Floor<br>　　　　　　　　San Francisco, CA<br><br>Trial Date:　　Not Set |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION .............................................................................................. 1

II. ARGUMENT ...................................................................................................... 2

   A. There is no "Family Member Exception" to Practice Law without a License ....................................................................................................... 2

   B. Plaintiff Karena Lacks Standing to Assert Claims for Plaintiff Lilian and No One Exhausted The Administrative Remedies Related to SNAP Benefits ...................................................................................................... 3

   C. Plaintiffs Do Not Dispute That They Have Sued the Wrong Parties .......... 5

   D. The Federal Claim Fails Because The Complaint Does Not Satisfy *Monnell* ....................................................................................................... 6

   E. The Opposition Does Not Mention the State-Based Claims ...................... 7

III. CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**State Cases**

*In re Joshua S.*
    41 Cal. 4th 261 (2007) ................................................................................................ 4

*Lindeleaf v. Agricultural Labor Relations Bd.*
    41 Cal.3d 861 (1986) .................................................................................................. 4

*Los Angeles Unified Sch. Dist. v. Superior Ct.*
    14 Cal.5th 758 (2023) ................................................................................................. 8

*Potter v. Firestone Tire & Rubber Co.*
    6 Cal.4th 965 (1993) ................................................................................................... 8

*Stone v. Alameda Health System*
    16 Cal.5th 1040 (2024) ............................................................................................... 8

**State Statutes & Codes**

California Government Code
    section 820.2 ............................................................................................................... 8

California Government Code
    section 820.4 ............................................................................................................... 8

California Government Code
    section 821.6 ............................................................................................................... 8

California Welfare & Institutions Code
    section 10950 .............................................................................................................. 4

**Federal Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .................................................................................................... 5

*Barren v. Harrington*
    152 F.3d 1193 (9th Cir.1998) ..................................................................................... 6

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .................................................................................................... 5

*Califano v. Sanders*
    430 U.S. 99 (1977) ...................................................................................................... 4

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*
    906 F.2d 59 (2d Cir.1990) .......................................................................................... 2

*City of Cleburne v. Cleburne Living Center*
    473 U.S. 432 (1985) .................................................................................................... 6

<40><40><40>

*City of St. Louis v. Praprotnik*
    485 U.S. 112 (1988)..................................................................................................6

*Epstein v. Wash. Energy Co.*
    83 F.3d 1136 (9th Cir. 1996) ....................................................................................5

*Fraley v. Bureau of Prisons*
    1 F.3d 924 (9th Cir.1993) .........................................................................................6

*Genevier v. U.S. Citizenship & Immigr. Servs.*
    144 F. App'x 586 (9th Cir. 2005)..............................................................................8

*Johns v. Cnty. of San Diego*
    114 F.3d 874 (9th Cir. 1997) ....................................................................................2

*Lujan v. Defs. of Wildlife*
    504 U.S. 555 (1992)..................................................................................................3

*Moeller v. Taco Bell Corp.*,
    2005 WL 1910925 (N.D. Cal. Aug. 10, 2005) .........................................................7

*Monteiro v. Tempe Union High Sch. Dist.*
    158 F.3d 1022 (9th Cir.1998) ...................................................................................6

*Nunez v. City of Los Angeles*
    147 F.3d 867 (9th Cir. 1998) ....................................................................................7

*Osei–Afriyie v. Medical College*
    937 F.2d 876 (3d Cir.1991) ..................................................................................1, 2

*Pitts v. Terrible Herbst, Inc.*
    653 F.3d 1081 (9th Cir. 2011) ..................................................................................3

*Serrano v. Francis*
    345 F.3d 1071 (9th Cir.2003) ...................................................................................6

*Solis v. City of Sunnyvale*
    2020 WL 6161504 (N.D. Cal. Oct. 21, 2020) ..........................................................7

*Spokeo, Inc. v. Robins*
     578 U.S. 330 (2016).................................................................................................3

*TransUnion LLC v. Ramirez*
    594 U.S. 413 (2021)..................................................................................................3

*Wagda v. Town of Danville*
    2016 WL 6160160 (N.D. Cal. Oct. 24, 2016) ..........................................................7

*Weinberger v. Salfi*
    422 U.S. 749 (1975)..................................................................................................4

*Westlands Water Dist. v. Amoco Chemical Co.*
   953 F.2d 1109 (9th Cir.1991) ................................................................................................8

**Federal Statutes**

7 C.F.R.
   section 273.15 ........................................................................................................................4

7 C.F.R.
   section 273.2 ..........................................................................................................................8

I.   INTRODUCTION

Dismissal of Plaintiffs' claims remains appropriate. The Opposition, in fact, provides additional grounds to dismiss the lawsuit.

*First,* Plaintiff Karena concedes she is a pro se litigant that is not licensed to practice in California. As a matter of law, she may not represent her "foster" adult daughter (Plaintiff Lilian) or landlord/neighbor (Plaintiff Shiang). The Opposition cites to *Osei–Afriyie v. Medical College*, 937 F.2d 876 (3d Cir.1991), but it, in fact, supports dismissal as it holds there is an absolute prohibition against unlicensed individuals representing family members or others, which the Ninth Circuit follows. *Osei–Afriyie, supra,* at 882–83; *adopted in Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Here, unlike *Osei–Afriyie*, no minor child is involved; Plaintiff Lilian is 19 years old. No Circuit Court of Appeals allows an unlicensed individual to represent an adult family member or housemate in court. Plaintiffs Shiang and Lilian should be dismissed.

*Second,* in responding to the arguments that the claims are not ripe and standing is absent because no damages or injury are alleged, the Opposition contends that Plaintiff Lilian was awarded $20, per month, in SNAP benefits. As an initial matter, the Complaint does not allege it. Plaintiff Karena, moreover, does not have so-called "derivate standing" to assert a claim for benefits for Lilian. More importantly, Plaintiffs did not exhaust the administrative remedies, which is a condition precedent to initiating litigation.

*Third,* the Opposition does not address the specific defects of the claims. The Complaint does not contain facts to satisfy *Monell* and conducting a one hour, home visit to verify benefits does not give rise to a constitutional or ADA violation. The conspiracy theory falls apart because Lincoln High and the San Francisco School District have no operational, management, or financial connection to the CalFresh program or the City and County of San Francisco. The facts also belie a conspiracy: there is seven month gap between Plaintiff Lilian complaining about a toxic classroom and the CalFresh verification meeting. The report cards attached to the Opposition show the school remedied the grade dispute, rendering it moot and dispelling any type of conspiracy. The Opposition also does not refute the negligence or IIED state claims are not cognizable, and defendants are otherwise immune, by law. The Complaint should be dismissed with prejudice.

## II.     ARGUMENT

### A.     There is no "Family Member Exception" to Practice Law without a License

The Opposition argues that Plaintiff Karena may represent "minor children in federal court" and "family members." (Opp. p. 4). She cites to *Osei–Afriyie v. Medical College*, 937 F.2d 876, 882–83 (3d Cir.1991). As explained by the Ninth Circuit, in *Johns v. Cnty. of San Diego*, 114 F.3d 874 (9th Cir. 1997), "all other circuit courts addressing the issue have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) (citing *Osei–Afriyie v. Medical College*, 937 F.2d 876, 882–83 (3d Cir.1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61–62 (2d Cir.1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986)(per curiam)). Indeed, *Johns* relied on the Third Circuit's rationale that "the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others…Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Johns*, 114 F.3d at 876–77 (*quoting Osei–Afriyie*, 937 F.2d at 882–83). The Ninth Circuit barred the guardian ad litem as well as other individuals as "attorney in fact" from representing other individuals.

By law, a minor must be younger than 19 and in grade school. 42 USC § 619(2). The Opposition attaches records proving Plaintiff Lillian is an adult. (*See* ECF No. 16, p. 23 (Exhibit E describes Plaintiff Lilian as a 19 year old) and p. 13 and 14 (attaching Lilian Feng's senior year report card from the 2024-2025 school year).) Thus, even if there was ambiguity in the law as to whether a guardian could represent a minor in court, it is irrelevant as to Plaintiff Lilian. As for Plaintiff Shiang, he is described as a housemate or landlord, he has no familial relationship. (ECF No. 1-1 (Compl.), p. 2: 13-15 (described as resident and landlord).) Plaintiffs Lillian and Shiang should be dismissed from the case, and all allegations as to them, such as grade "falsification" by Lincoln High or "premeditated targeting of the former foster youth" should be stricken, namely at p. 2: 13-19; p. 3:9-4:15, p. 5:2-7, 6:4-8, 7:10-11, 8: 9-10, 25-p. 9:1-4, lines 12-13 of the Complaint.

B.  **Plaintiff Karena Lacks Standing to Assert Claims for Plaintiff Lilian and No One Exhausted The Administrative Remedies Related to SNAP Benefits**

One of the reasons for dismissal is that the Complaint does not allege a concrete injury or harm suffered by Plaintiffs, as they do not allege loss or reduction of public assistance or other injury. The records attached to the Opposition demonstrate lack standing and mootness.

First, the Complaint cryptically references "falsification" of a grade "from "'A' then back to 'B' maliciously" by non-party Lincoln High Scohol. ECF Dkt. No. 1-1, p. 27. The Opposition does not negate that the high school is a separate entity, disconnected from the City. It also includes the senior year reports card(s) for Plaintiff Lilian, showing final "A" grades. *See* ECF No. 16, p. 13 and 14. Because these grade issues were resolved and Plaintiff Lilian graduated, the issue as to grades is moot. "A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome' of the litigation." *Pitts v. Terrible Herbst, Inc*., 653 F.3d 1081, 1086 (9th Cir. 2011) (citation omitted).

The Motion also pointed out that the Complaint did not allege anyone lost SNAP benefits or public assistance. In response, Plaintiffs Karena and Shiang tacitly concede they did not lose any benefits or suffer any personal or pecuniary injury. Accordingly, they lack standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (Article III "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)."). To meet the "irreducible constitutional minimum" of standing, a plaintiff must have (1) suffered an "injury in fact," (2) that is "fairly traceable" to the challenged conduct, and (3) will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). Injury in fact requires a showing of "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation omitted).

The Opposition argues that CalFresh awarded Plaintiff Lilian $20 per month and denied "retroactive benefits." There are several problems with this contention. It is not alleged in the Complaint. Plaintiffs also do not allege that Lilian received benefits before which were reduced, or explain the meaning of "retroactive benefits" or the regulations or laws allowing for said benefits here.

In addition, SNAP benefits are overseen by the state and federal government, which are not a party. (See, Motion, pp. 6-7.) Regardless, Plaintiff Karena does not have standing to assert the claim on behalf of Plaintiff Lilian as she did not have a cognizable injury that is redressible. Courts are not free to "loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts." TransUnion, 594 U.S. at 424-25.

Finally, and most importantly, even if Plaintiff Lilian lost benefits, she must first exhaust all administrative remedies before initiating a lawsuit. The California Supreme Court has held that before an individual may initiate a lawsuit challenging eligibility to food stamps or other public assistance, they must first exhaust all administrative remedies. *See In re Joshua S.*, 41 Cal. 4th 261, 274 (2007), *citing Lindeleaf v. Agricultural Labor Relations Bd.*, 41 Cal.3d 861, 869. (1986)  In *In re Joshua,* plaintiff juveniles challenged the loss of benefits for grandmother who lived in Canada under a section in the MPP, but did not first seek a hearing with the agency. "In finding that the petitioner had failed to exhaust his administrative remedies, we first explained that "courts ordinarily accord administrative agencies the initial opportunity to address claims involving interpretation of their own regulations....Because the issue had never been presented to the agency, its probable decision could not be forecast. To permit the petitioner retroactively to second-guess the agency would improperly dilute the agency's power to 'make, amend, and rescind' its own regulations." *In re Joshua,* supra, at 274. Because plaintiffs did not comply with the exhaustion requirement, it is dispositive and forecloses jurisdiction under the general grant of federal-question jurisdiction. *See Weinberger v. Salfi*, 422 U.S. 749, 757, 761 (1975); *see also Califano v. Sanders*, 430 U.S. 99, 104, n. 3 (1977) (interpreting an identical requirement of agency hearing appeals as to Social Security benefits).

Federal and State regulations spell out require a SNAP beneficiary that seeks to challenge an award must first request an administrative hearing. 7 C.F.R. § 273.15(h); MPP § 22-004., 63-804.3; Welf. & Inst. Code § 10950. Sub-section (q) of 7 C.F.R. § 273.15 states that the decisions of the hearing authority shall be "binding on the State agency." And, once the decision is issued, the beneficiary "shall be notified of the right to pursue judicial review of the decision. In addition, in States which provide for rehearings of State level decisions, the household shall be notified of the right to pursue a rehearing." 7 C.F.R. § 273.15(q)(3)(i). Here, Plaintiffs did not file a complaint with the

agency, request or attend a "due process hearing" before an impartial hearing officer related to denial or reduction of food stamps, or seek a rehearing. The Opposition demonstrates Plaintiffs were well aware of the requirements. Attached to the Opposition is a June 27, 2024 Health and Welfare Agency, California Department of Social Services "Notice of Approval for CalFresh Benefits" for Plaintiff Lilian. (ECF No. 16, p. 24 of 27.) On the first page, it states:

> Questions? Ask your worker.
>
> **State Hearing:** If you think this action is wrong, you can ask for a hearing. The back page tells you how. Your benefits may not be changed if you ask for a hearing before this action takes place.

Although the Opposition does not attach the back page, the Department of Social Services publishes the process on its official website, providing a recipient with 90 days to request a hearing. (*See* https://www.cdss.ca.gov/hearing-requests.) Because no one exhausted the administrative remedies, the lawsuit should be dismissed.

### C.   Plaintiffs Do Not Dispute That They Have Sued the Wrong Parties

At pages 6-7 of the moving papers, Defendants demonstrated they cannot be sued for either: (1) the federal and state government's award of SNAP benefits, which are separate entities from the City; or (2) a senior year report card, which is overseen by the San Francisco School Board, yet another separate entity that has not been sued. The Opposition does not refute the distinctions between these various entities or provide any facts or a cogent theory connecting these various entities to orchestrate such a scheme. The conspiracy theory – that the school board sought to retaliate against Plaintiff Lilian through verifying SNAP benefits awarded – is, in other words, based solely on "unwarranted inferences" that cannot defeat a motion to dismiss. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint cannot survive a motion to dismiss if it relies on "naked assertion[s] devoid of further factual enhancement.").

### D. The Federal Claim Fails Because The Complaint Does Not Satisfy *Monnell*

In the moving papers, we pointed out that the Complaint contains no *Monell* allegations. The Opposition is silent. Because Plaintiffs have failed to establish a "policy, custom, or practice" by the alleged acts and omissions of the City and its employees, the Section 1983 for constitutional violations (Claim Two) should be dismissed. Plaintiffs do not refute that there is no policy or practice that is "widespread" and "so permanent and well settled as to constitute a 'custom or usage with the force of law.'" *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988). Neither a single, one hour interview confirming eligibility under SNAP, nor senior year grades or a complaint in class by a student, do not establish a widespread, permanent, or well settled custom by the City to violate constitutional rights. The Opposition contends Plaintiff Karena is disappointed by Plaintiff Lilian's food stamp benefits award, but she does not attribute the withholding to any policy or practice of the County, or identify any law or regulation violated in setting this amount. Plaintiff's constitutional claims must be dismissed for this reason alone.

Nor does the Opposition identify facts giving rise to an equal protection claim under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). The threshold allegation is that plaintiff was similarly situated to other persons who received different treatment. *See Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir.1993). To state a Section 1983 claim for violation of the Equal Protection Clause, plaintiff must plead intentional unlawful discrimination or allege facts from which discriminatory intent may be inferred. *Monteiro v. Tempe Union High Sch. Dist*., 158 F.3d 1022, 1026 (9th Cir.1998). Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir.2003); *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir.1998).

Plaintiffs' allegations fall short because they have not alleged discriminatory treatment or a procedural due process violation. They do not explain what protected group they are part; they do not allege anyone treated them differently from persons outside of their protected groups in investigating a benefit eligibility or reducing or withholding food stamps. They also do not allege that persons outside

of the protected group(s) was treated more favorably. Nor do Plaintiffs allege they are similarly situated to all food stamp recipients. To state an equal protection claim, the plaintiff must allege that she was treated differently than food stamp recipients in similar circumstances. Moreover, plaintiff must allege facts showing that similarly situated food stamp recipients were treated differently; a generalized belief that she was treated less favorably is insufficient. Finally, the Complaint contains no allegations showing that the differential treatment—if there was any—was attributable to sex, race, or ethnicity, and that such intentional discrimination was the result of County policy or practice. For all of these reasons, plaintiff fails to state an equal protection claim.

For similar reasons, the First and Fourth Amendment theory are unavailing because even assuming Defendant Palarca "interrogated" or "manipulated" Plaintiffs during the one hour home visit, these are not grounds to assert a first or fourth amendment violation. *See, e.g., Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998) ("It would be the height of irony...if mere speech, in response to speech, could constitute a First Amendment violation"); *Wagda v. Town of Danville*, 2016 WL 6160160, at *5 (N.D. Cal. Oct. 24, 2016) (holding that "berating" and "shaming" are not "cognizable as a First Amendment violation"). The Opposition also does not attempt to explain the facts supporting the Fifth Claim, for violation of the ADA. Furthermore, "[a]n individual with a disability has 'standing to seek relief for any ADA violations . . . affecting his specific disability,' and does not have standing to pursue claims that do not affect his disability." *Moeller v. Taco Bell Corp.*, No. C 02-5849 MJJ, 2005 WL 1910925, at * 4 (N.D. Cal. Aug. 10, 2005) (citation omitted). Other than vague references to disabilities, Plaintiffs do not allege they encountered any barrier as to a disability to support the Fifth Claim.

### E.   The Opposition Does Not Mention the State-Based Claims

Because the Opposition does not rebut there are no facts supporting a constitutional violation, the First Claim, for violation of the Bane Act, fails. *See, e.g., Solis v. City of Sunnyvale*, No. 20-cv-03912-NC, 2020 WL 6161504, at *8 (N.D. Cal. Oct. 21, 2020). There is no suggestion that defendants caused physical injury, violence or threatened violence for the purpose of violating a constitutional right.

As for the negligence and intentional infliction of emotional distress (IIED) claims, Plaintiffs have not set forth a cogent theory as to how a home visit verifying eligibility for SNAP benefits gives rise to a claim for negligence or emotional distress. *Genevier v. U.S. Citizenship & Immigr. Servs.*, 144 F. App'x 586, 588 (9th Cir. 2005) (holding California departments do not owe duty to individual related to welfare benefits and otherwise immune from liability). It is unrefuted that the California legislature immunized the City and departments from liability, as well as individual employees carrying out discretionary acts or prosecutorial/investigative functions, such as a one hour public assistance verification. Cal. Gov Code Sections 820.2, 820.4, and 821.6. Home visits and eligibility decisions are expressly authorized by federal and state regulation, as acknowledged in the Complaint. *See* Compl. at p. 4 (citing to MPP § 63-300.5(h)(3)); *and see* 7 C.F.R. § 273.2(f)(4)(iii). Nor does the Opposition identify any type of "conduct so extreme as to exceed all bounds of decency in a civilized community" to satisfy the IIED claim. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).

Finally, it is also unrefuted that the prayer for punitive damages must be struck. "California Government Code § 818 bars any award of punitive damages against a public entity." *Westlands Water Dist. v. Amoco Chemical Co.,* 953 F.2d 1109, 1113 (9th Cir.1991); *see also Los Angeles Unified Sch. Dist. v. Superior Ct.* 14 Cal.5th 758 (2023), 767 (holding Section 818 immunizes school district from punitive damages for allegedly failing to prevent sexual abuse at school); *Stone v. Alameda Health System* 16 Cal.5th 1040(2024), 1085.

///

### III. CONCLUSION

Defendants respectfully request the Court dismiss the Complaint with prejudice. To the extent the Court determines that Plaintiffs should be given the opportunity to amend, they do not oppose staying discovery until a cognizable complaint is filed, if any.

Dated: October 15, 2025

>
> DAVID CHIU
> City Attorney
> JENNIFER E. CHOI
> Chief Trial Deputy
> ZUZANA S. IKELS
> Deputy City Attorney
>
> By: /s/ Zuzana S. Ikels
>    ZUZANA S. IKELS
>
> Attorneys for Defendants
> CITY AND COUNTY OF SAN FRANCISCO,
> SAN FRANCISCO HUMAN SERVICES AGENCY and
> MELANIE PALARCA

# PROOF OF SERVICE

I, KASSY ADAMS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On October 15, 2025, I served the following document(s):

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

on the following persons at the locations specified:

Karena Apple Feng
Martin Shiang
Lilian Feng
2086 18th Avenue, Unit C
San Francisco, CA 94116
Tel (650) 206-0670
Email  afengre@gmail.com

*Plaintiff in Pro Per (Karena Apple Feng appearing as Attorney-in-Fact for all Plaintiffs)*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: kassy.adams@sfcityatty.org.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 15, 2025, at San Francisco, California.

*/s/ Kassy Adams*
KASSY ADAMS