DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
ZUZANA S IKELS, State Bar #208671
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 355-3307
Facsimile:     (415) 554-3837
E-Mail:        zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; MELANIE PALARCA,
SAN FRANCISCO HUMAN SERVICES AGENCY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENA APPLE FENG, an individual; MARTIN SHIANG, an individual; and LILIAN FENG, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MELANIE PALARCA, individually, and in her official capacity; SAN FRANCISCO HUMAN SERVICES AGENCY; CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-10,<br><br>    Defendants. | Case No. 25-07034-VC<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Hearing Date:    November 21, 2025<br>Time:              10:00 a.m.<br>Place:             Zoom<br><br>Trial Date:       Not Set |

Pursuant to Civil Local Rule 16-9, and the Standing Orders of the Northern District,

Defendants City and County of San Francisco; Melanie Palarca, San Francisco Human Services

Agency[1] submit this Case Management Conference Statement.

---

[1]San Francisco Human Services Agency is a named defendant, but it is not a properly joined defendant. *See Bauer v. County of Ventura*, 45 Cal.2d 276, 288-289 (1955); *Vann v. City and County of San Francisco* 97 Cal.App.5th 1013, 1025 (2023) (a City department is not a legally recognized separate entity, and cannot be sued as an independent public corporation); *see also Singleton v. County of Riverside*, Case No. EDCV 21-2164 AB (PVC), 2022 WL 1266656 (C.D. Cal. April 28, 2022 (department of public social service is not a proper defendant and should be dismissed);

1    Because Plaintiff is not represented by counsel, Defendants submit this separate case

2    management statement pursuant to Civil Local Rule 16-9(a).

3    **I.    JURISDICTION AND SERVICE**

4    The court has jurisdiction over this matter as it contains claims brought under federal law.

5    Defendants were served and removed this action to federal court.

6    **II.    FACTS**

7    Plaintiff Karena Apple Feng ("Plaintiff Karena") initiated this action as "attorney-in-fact" on

8    behalf of herself and Plaintiffs, Martin Shiang ("Plaintiff Shiang") and Lilian Feng ("Plaintiff Lilian")

9    (collectively, "Plaintiffs").  (ECF No. 1-1 ("Compl.") at p. 1-2.) She is not licensed to practice law and

10    therefore, she cannot represent Plaintiffs Lilian and Shiang, both of whom should be dismissed from

11    this lawsuit.

12    The Complaint allege that Plaintiffs have "been subjected to a coordinated campaign of

13    harassment and retaliation across multiple government agencies after exercising their legal rights to

14    report violations and file complaints." Plaintiff Lilian, who is now 19 years old, "reported chemical

15    safety violations" in her class at Abraham Lincoln High School when she was a senior, in January

16    2025. (Compl., p. 3.) Months later, a teacher allegedly "falsified" one of Lilian's grades. (*Id.*)

17    Plaintiffs allege that on June 2, 2025, "Plaintiffs" filed a lawsuit against Abraham Lincoln High

18    School in San Francisco Superior Court.  (Compl. p. 4; *see also* ECF Dkt. No. 16, p. 15-22.) Plaintiff

19    Karena also filed an "emergency complaint with the California Department of Education," on May 31,

20    2025.  (Compl. p. 4.) The grade was fixed and Plaintiff Lillian has since graduated. (*See* ECF Dkt. No.

21    16, p. 7-22 (separate, state filings and report cars showing grade revised and Lilian graduated).)

22    In "direct retaliation" to said lawsuits, the Complaint alleges Defendant, Melanie Palarca

23    ("Defendant Palarca"), who is a Program Specialist, Fraud Early Detection and Prevention employee,

24    who verifies CalFresh recipients on behalf of the State of California, came to Plaintiffs' residence at

25    noon. No explanation is provided as to how or why these events would be related, and given Lilian has

26    graduated and remedied her grade dispute, the matter appears to be moot. Nevertheless, Ms. Palarca is

27    alleged to have come "without advance written notice," carrying "pre-typed forms already containing

28    Lilian Feng's name" and "interrogated" Plaintiffs, "threatened" to "cancel CalFresh benefits,"

"criticized Plaintiff Feng's medically necessary sofa accommodation," "refused Plaintiff Feng's offer of 24/7 surveillance," "forced Plaintiff Shiang to show private bedrooms," "attempted to force entry into other private bedrooms," and "conducted surveillance of the residence for hours in an unmarked white vehicle after leaving." (Compl. p. 4-6.) Exhibits C and D are sworn declarations of Shiang and Lillian, respectively, who do not corroborate the meeting was unscheduled, describe a one-hour, not "two hour" conversation, and do not suggest anyone was denied benefits. (ECF 1-1, p. 46 (Exh. C), ¶ 4(a), p. 47 (Exh. D) (5)(a).) Exhibits E and F, which are entitled "Power of Attorney for Litigation," authorize Plaintiff Karena as "attorney-in-fact" for Plaintiffs Shiang and Lilian.

The Complaint does not allege anyone lost CalFresh Benefits. Plaintiffs appear to seek damages for the belief that the CalFresh visit was retaliation on behalf of the school, which give rise to: (1) violation of the Bane Act, California Civil Code Section 52.1; (2) Federal Civil Rights violations, under 42 U.S.C. § 1983, for the First, Fourth, and Fourteenth Amendment; (3) intentional infliction of emotional distress; (4) negligence; and (5) "ADA Violations" under 42 U.S.C. § 12132.

## III.   LEGAL ISSUES

Defendants filed a Motion to Dismiss ("MTD"), which is scheduled for hearing on November 20, 2025. ECF Dkt. No. 11 (the "MTD"); ECF Dkt. No. 23. *First*, Plaintiff Kareena, a pro per litigant, is not licensed to practice law and cannot represent Plaintiffs Liliana and Shiang. *See* ECF Dkt. No. 11 p. 13; ECF Dkt. No. 1-1 (first page top left side).) *Second*, all three plaintiffs lack standing as no facts support a viable constitutional or state-based claim, as they do not allege any loss of CalFresh Benefits or other damage, and the law does not recognize a claim for a one hour conversation verifying food stamp benefits. *Third*, Plaintiffs have sued the wrong parties – their beef is with separate and distinct non-parties, namely the San Francisco School District or the State and Federal government, which create the formula and implement the regulations governing Cal Fresh benefits. *See* MTD, p. 5-7, ECF Dkt. No. 11, p. 14-16.) *Fourth*, Plaintiff Shiang and Karena do not have standing to assert claims on behalf of Lilian, the grade issue was resolved and Lilian graduated rendering it moot, and Lilian does not allege that she exhausted her administrative remedies after the June 27, 2025 Cal Benefits Award. ECF Dkt. No., 16, p. 24; ECF Dkt. No. 24 (Reply Brief), pp. 8-10 (cases cited therein). *Fifth*, the courts do not recognize a constitutional or ADA violation for verifying CalFresh food stamps

eligibility. *See, e.g., Genevier v. U.S. Citizenship & Immigr. Servs.,* 144 F. App'x 586, 588 (9th Cir. 2005) (holding California departments do not owe duty to individual related to welfare benefits and otherwise immune from liability); *and see* ECF Dkt. No. 11, pp. 16-20 and ECF No. 24, pp. 11-12 (no allegations to support *Monell,* a one hour visit to verify CalFresh eligibility is not discriminatory (the 14th Amendment), a violation of free speech (the 1st Amendment), and there was no search and seizure (the Fourth Amendment)).  *Sixth,* it is unrefuted that California shields the City from negligence or emotional distress claims and immunizes civil servants from liability for carrying out their job functions, such as verifying eligibility as required by federal and state law. ECF Dkt. No. 11, pp. 20-23; ECF Dkt. No. 24, p. 12- 13; *see also Ortega v. Johnson*, 57 Cal. App. 5th 552, 558 (2020).

After briefing on the Motion to Dismiss was closed (i.e. the motion, opposition and reply briefs were filed), Plaintiffs Shiang and Lilian filed untimely, second oppositions. The caption is changed and purports to be filed by each of them, in *pro per*, however, the style and arguments mirror Plaintiff Karena's Opposition. *Cf.* ECF Dkt. No. 16 *to* 28 (Shiang Opp.) and 29 (Lilian Opp.). The Shiang Opposition discloses that he has a "separate CalFresh" case, and his role in this lawsuit is as a "witness." ECF Dkt. No. 28, p. 1. Being a witness does not satisfy Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (Article III "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)"). Shiang's admission of another lawsuit warrants his dismissal based on res judicata and the claim splitting doctrine. *See, e.g., Taylor v. Sturgell,* 553 U.S. 880 (2008); *Adams v. California Department of Health Services,* 487 F.3d 684 (9th Cir. 2007) (duplicative lawsuits are barred); *Mendoza v. Amalgamated Transit Union Int'l.,* 30 F.4th 879 (9th Cir. 2022) (affirming dismissal of action as improper claim splitting).

As for the Lilian Opposition (ECF Dkt. No. 29), she argues that she was denied "$2336" in retroactive CalFresh benefits and receives a "starvation" amount of $20 per month. (ECF Dkt. No. 29 at p. 3.) These "facts" are not asserted in the Complaint; Lilian has not filed her own, separate complaint; Plaintiff does not allege she exhausted her administrative remedies; and Lilian does not explain how the formula or amount awarded is improper under the formula set forth in MPP § 63-500 *et seq.,* 63-503.327(b) of the California Department of Social Services (CDSS) Manual of Policies and

Procedures (MPP).  Any one of these above-described reasons warrant dismissal of the action with prejudice.

**IV.    MOTIONS**

As discussed above, Defendants have filed a pending Motion to Dismiss.

**V.    AMENDMENT OF PLEADINGS**

We learned of the untimely Shiang and Lilian Oppositions as well as the "Notice of Confusion re Defendants' Filing" days after they were purportedly filed, because we were not served electronicallythrough PACER or email. Accordingly, we attempted to reach out to each plaintiff, at the email address provided in their briefs. We responded to their confusion of the change in the hearing date and courtroom (which was because Plaintiffs declined to consent to Magistrate Judge Westmore, resulting in the case being reassigned to this Court), and asked them to serve us by email. Despite follow-up attempts, none of the plaintiffs have responded. We are therefore unaware of Plaintiffs' position as to amendment, but Defendants do not believe the infirmities with the Complaint are curable.

**VI.    EVIDENCE PRESERVATION**

Defendants have reviewed the ESI Guidelines and taken steps to preserve evidence

**VII.    DISCLOSURES**

The Parties have not served initial disclosures.

**VIII.    DISCOVERY**

There has been no discovery to date. Defendants requested that discovery, including all initial disclosures, be stayed pending the outcome of the challenges to the pleadings. (ECF 11, at p. 24.) Plaintiffs did not oppose the request.

**IX.    CLASS ACTIONS**

This is not a class action.

**X.    RELATED CASES**

The parties are not aware of any related cases.

**XI.    RELIEF**

Plaintiff seeks monetary damages.

**XII.    SETTLEMENT AND ADR**

Defendant requests that an ADR Settlement Conference be scheduled after the Court has ruled on Defendants' motion to dismiss and, if necessary, motion for summary judgment.

**XIII.    CONSENT TO MAGISTRATE FOR ALL PURPOSES**

This case was assigned to Judge Westmore for all purposes and Defendants consented to the assignment. Since then, Plaintiff Kareena filed an objection and the case was reassigned to this Court.

**XIV.    OTHER REFERENCES**

Defendants do not believe this case is suitable for reference as contemplated in the Rules.

**XV.    NARROWING OF ISSUES**

Defendants propose that Plaintiff Liliana and Shiang should be dismissed, with prejudice, since they did not file this lawsuit. If they wish to proceed as pro per litigants, they must file separate complaints.

**XVI.    EXPEDITED TRIAL PROCEDURE**

This case may be appropriate for an expedited schedule and trial procedure.

**XVII.  SCHEDULING**

The City is requesting that the Court set trial for either February 2027, subject to the Court's availability. Counsel for the City currently has trial dates set for most months of 2025 and would be unable to competently conduct discovery and trial preparation before the end of 2025.

**XVIII. TRIAL**

Defendants anticipate that a trial could be completed in three court days.

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As set forth in Defendants' MTD, it appears that there are at least two non-party interested entities or persons that sohuld be joined, namely the San Francisco Unified School District and the State and/or Federal Government, which are responsible for implementing the rules and creating the formula as to the award for SNAP/food stamp benefits. Specifically, as to CalFresh/SNAP eligibility, the California Department of Social Services is responsible for the budget, implementation of the rules, and calculation of food stamp benefits. https://www.cdss.ca.gov/calfresh.

1  **XX.    PROFESSIONAL CONDUCT**

2          Attorneys for Defendants have reviewed the Guidelines for Professional Conduct for the

3  Northern District of California.

4          Plaintiff is proceeding in pro per.

5  **XXI.    OTHER MATTERS**

6          <u>Defendant Statement:</u>

7          The City is not aware other matters.

8  Dated:  November 14, 2025

9                                          DAVID CHIU
                                           City Attorney
10                                         JENNIFER E. CHOI
                                           Chief Trial Deputy
11                                         ZUZANA S. IKELS
                                           Deputy City Attorney
12

13                                     By: _/s/ Zuzana S. Ikels_____
                                           ZUZANA S. IKELS
14
                                           Attorneys for Defendant
15                                         CITY AND COUNTY OF SAN FRANCISCO

16

17

18                          <u>**CASE MANAGEMENT ORDER**</u>

19  Pursuant to the CASE MANAGEMENT STATEMENT, the Court stays all discovery until the

20  challenges to the pleadings have been resolved. [In addition, the Court makes the further orders stated

21  below:]

22

23

24  IT IS SO ORDERED.

25    Dated:                          _____

26                                    UNITED STATES DISTRICT/MAGISTRATE JUDGE

27

28

1

**PROOF OF SERVICE**

2

I, KASSY ADAMS, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

4

5

On November 14, 2025, I served the following document(s):

6

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

7

8

on the following persons at the locations specified:

Karena Apple Feng
Lilian Feng
2086 18th Avenue, Unit C
San Francisco, CA 94116
Tel (650) 206-0670
Email afengre@gmail.com

*Plaintiff in Pro Per*

MARTIN SHIANG
2086 18th Avenue, Unit B
San Francisco, CA 94116

Tel: (415) 505-4488

Email: farsn2003@yahoo.com

*Plaintiff in Pro Per*

9

10

11

12

13

LILIAN FENG
2086 18th Avenue, Unit A
San Francisco, CA 94116

14

15

Tel: (209) 319-7475 (texts only)

16

Email: feng1ily326@gmail.com

17

*Plaintiff in Pro Per*

18

in the manner indicated below:

19

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

20

21

22

☒    **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: kassy.adams@sfcityatty.org.

23

24

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

25

Executed November 14, 2025, at San Francisco, California.

26

_____
KASSY ADAMS

27

28